# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Stephen Judge and<br>Anjanette A. Judge,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>S.C. Department of Transportation,<br>Beaufort County, S.C., The Town of<br>Hilton Head Island, First Baptist<br>Church Hilton Head Island, and<br>John Doe Corporation,<br><br>　　　　　Defendants. | Civil Action No. __9:21-cv-2118-RMG__<br><br>**COMPLAINT**<br>**[Jury Trial Demanded]** |

**COME NOW** the Plaintiffs, by and through their undersigned counsel, complaining of the above-named Defendant, and state their complaint as follows:

1.　The Plaintiffs are citizens and residents of Tampa, Hillsborough County, State of Florida.

2.　Defendant S.C. Department of Transportation is an agency of the State of South Carolina, and, at all times relevant herein, the agents, servants, and/or employees of this Defendant were acting within the course and scope of said agency, service, and/or employment and were acting within the scope of their official duties with this Defendant. Upon information and belief, this Defendant either owns or maintains the section of Cordillo Parkway in the vicinity of the incident which is the subject of this Complaint.

3.　Defendant Beaufort County, S.C. is a county in the State of South Carolina, whose agencies, offices, departments and related divisions are responsible for, but not limited to, the design, maintenance, repair, construction, planning, assessment, reassessment, safety, marking and control of the public roadways of Beaufort County, and, at all times relevant herein,

1

the agents, servants, and/or employees of the agencies, offices, departments and related divisions of this Defendant were acting within the course and scope of said agencies, offices, departments and related divisions and were acting within the scope of their official duties with this Defendant. Upon information and belief, this Defendant either owns or maintains the section of Cordillo Parkway in the vicinity of the incident which is the subject of this Complaint.

4.      Defendant The Town of Hilton Head Island is a municipality in the County of Beaufort, State of South Carolina, whose offices, departments and related divisions are responsible for, but not limited to, the design, maintenance, repair, construction, planning, assessment, reassessment, safety, marking and control of the public roadways of the Town of Hilton Head Island, and, at all times relevant herein, the agents, servants, and/or employees of the offices, departments and related divisions of this Defendant were acting within the course and scope of said offices, departments and related divisions and were acting within the scope of their official duties with this Defendant.  Upon information and belief, this Defendant either owns or maintains the section of Cordillo Parkway in the vicinity of the incident which is the subject of this Complaint.

5.      Defendant First Baptist Church Hilton Head Island is an owner and occupier of certain lands adjacent to Cordillo Parkway, in the Town of Hilton Head Island, Beaufort County, South Carolina.  The church owed a duty to its members and the general public to not create a nuisance over the public roadway and had actual or constructive knowledge of the dangerous hazard and nuisance, including the diseased-condition of the tree, and also that the tree encroached upon the lands of the public.  This Defendant breached its duty in many particulars.

6.      Defendant John Doe Corporation is an unknown corporation that contracted with either one or more of the other above-named Defendants, individually or jointly, to inspect and trim the trees along Cordillo Parkway.

7. There is complete diversity of citizenship of the parties to this action, and the amount in controversy exceeds the jurisdictional amount required of $75,000.00

8. This Court has subject matter jurisdiction over these proceedings pursuant to 28 U.S.C. §1332, and venue is proper.

9. All acts and events described herein occurred in Beaufort County, South Carolina.

10. This is an action to recover for the injuries and damages caused to Plaintiffs as a result of the negligence of the governmental Defendants and is brought pursuant to the South Carolina Tort Claims Act, §15-78-10, *et seq.*, South Carolina Code of Laws (1976), as amended, as well as for South Carolina Common Law claims against the remaining Defendants for both nuisance and negligence.

11. On or about July 17, 2019, Plaintiff Anjanette A. Judge was operating a motor vehicle on Cardillo Parkway on Hilton Head Island, in Beaufort County, State of South Carolina, when, suddenly and without warning, a large rotten portion of a tree dislodged from its dangerous overhanging position and fell directly upon the Plaintiff's vehicle, causing her to sustain serious and permanent bodily injuries and property damage.

12. At all times pertinent hereto, Plaintiff Anjanette A. Judge was operating her vehicle in a safe, prudent and legal manner and, as a user of the highways of the State of South Carolina, was owed a duty of ordinary care and assumed no risk of injury.

13. Defendants owed a duty to Plaintiffs and others to maintain its roads in a safe condition, free from hazards and risks of harm.

14. Defendants had actual knowledge of the unsafe condition existing on Cordillo Parkway at the time of the incident complained of herein.  The Plaintiffs allege that the tree was overhanging the roadway, creating a hazard, and the Defendants knew it.  Additionally and

further, the Defendants knew or should have known of the dangerously-diseased condition of the tree and its offending limb.

15. Upon information and belief, all Defendants, through their agents, servants, and/or employees, knew, or in the exercise of reasonable care, should have known that the rotten portion of the tree overhanging over the roadway on Cordillo Parkway rendered the roadway potentially hazardous and unreasonably dangerous for those using the roadway, including the Plaintiff.

16. Defendants, through their agents, servants, and/or employees, knew or should have known that allowing access to motor vehicles on Cordillo Parkway presented a very dangerous hazard and serious risk of injury to those using the roadway, including the Plaintiff.

17. While Defendants knew or reasonably should have known of the unsafe and dangerous condition on Cordillo Parkway, they continued to make it accessible to motor vehicles.

18. Prior to this incident, Defendants should have removed this potential and dangerous hazard before continuing to allow persons, including the Plaintiff, to operate motor vehicle on the roadway.

19. Defendants further knew or should have known that no warnings had been put in place to alert the operators of motor vehicles on Cordillo Parkway of the risk that they may be hit by a falling tree.

20. Defendants also further knew or should have known that no safeguards or other protective devices were put in place to prevent hazardous, unsafe and dangerous conditions such as this from occurring to keep operators of motor vehicles on the roadway safe from harm.

21. Defendants are responsible and vicariously liable for all of the negligent, reckless, willful, wanton, and/or heedless acts and/or omissions of their agents, employees and/or representatives under the doctrine of *respondeat superior.*

22. Plaintiff Anjanette A. Judge had a right to safety and protection by Defendants while driving on the roadway without the fear of or actually being harmed and injured and requiring medical attention.

23. Defendants had a duty to take reasonable precautions to provide for the safety and protection of those using its roadways, including the Plaintiff.

24. At all times relevant hereto, Defendants were charged under South Carolina law with a non-delegable duty to provide for the safety of persons using its roadway, and that duty was breached.

25. Defendants had the duty, obligation and responsibility to oversee and supervise its employees and to inspect its roadways prior to allowing the general public access, including the Plaintiff.

26. As a result of the negligence of these Defendants, Plaintiffs suffered serious, severe and painful bodily injury and other damages.

27. The injuries and damages sustained by Plaintiffs were due to and caused by and were the direct and proximate result of the careless and reckless acts and omissions of Defendants in one or more of the following particulars:

    (a) In failing to exercise due care and to take safety precautions to warn of, alert or eliminate unreasonably hazardous conditions on the roadways;

    (b) In allowing persons, including the Plaintiff, who was lawfully on the roadway, to operate a motor vehicle in an area when it knew or should have known of hazardous and dangerous conditions then and there existing;

(c)     In failing to institute safety procedures or place safeguard devices to prevent hazardous, unsafe and dangerous conditions on the roadway;

(d)     In failing to establish and enforce such other measures as were necessary and reasonable to protect persons, such as the Plaintiff, from physical harm on the roadway;

(e)     In permitting the right of way to be in a dangerous condition which Defendants knew or should have known would give rise to a reasonable risk of injury to the public, including the Plaintiff;

(f)     In failing to make reasonable inspections of the right of way so as to prevent the risk of injury to the public, including the Plaintiff, and to ensure that the roadways are free from potentially hazardous conditions;

(g)     In failing to properly maintain the right of way and keeping the right of way in a reasonably safe condition for the public;

(h)     In failing to supervise and oversee its employees, agents and servants in their duties of maintaining the roadways in a safe condition, free of hazards and risks of harm;

(i)     In failing to follow generally accepted standards, practices and procedures; and

(j)     In failing to exercise the same degree of care as a reasonable prudent person would under the same conditions then and there existing,

all of which combined were the direct and proximate cause of the Plaintiffs' injuries and damages complained of herein.

28.     That by reason of the careless and reckless acts and conduct of Defendants as set forth above, Plaintiffs, as the spouse of the other, have further been injured and damaged in the following particulars:

(a)     Plaintiff Stephen Judge was required to perform the normal activities and household duties which Plaintiff Anjanette A. Judge had previously been able to perform – past, present and future; and

(b)     They lost the aid, company, companionship and consortium of each other, including the ability to communicate with each other and to give and enjoy a normal sexual relationship with each other free from pain – past, present and future.

29. As a direct and proximate result of Defendants' negligence, gross negligence, willful and wanton conduct and total disregard for the safety of Plaintiff Anjanette A. Judge, as well as Defendants' willful failure to provide a safe place for Plaintiff to operate a motor vehicle on its roadways, Plaintiffs were injured and damaged in the following particulars, to-wit:

(a) She experienced much pain and suffering – past, present and future;
(b) She suffered physical injuries;
(c) She incurred medical expenses – past, present and future;
(d) She suffered mental anguish, shock, embarrassment and humiliation;
(e) She underwent permanent changes to her body;
(f) She lost wages;
(g) Their normal activities were restricted – past, present and future;
(h) They suffered severe emotional pain and suffering – past, present and future; and
(i) They suffered a loss of the enjoyment of their lives individually and with each other – past, present and future,

all such injuries and damages to Plaintiffs' great detriment in an amount of actual and punitive damages to be determined by a jury.

30. Plaintiffs are informed and believe that they are entitled to actual and punitive damages in an amount to be determined and awarded by a jury.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants in such actual and punitive damages as may be awarded by a jury and for such other and further relief as this Court may deem just and proper.

**AKINS LAW FIRM, LLC**

By:  /s/ *Dale Akins*_____
Dale Akins, Fed. ID No. 05641

Post Office Box 1547
Bluffton, South Carolina   29910
Telephone:   (843)757-7574
Facsimile:   (843) 757-7601
Email:          dakins@hargray.com

**Attorney for Plaintiffs**

Bluffton, South Carolina
July 14, 2021